CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
February 13, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **MARVIN MAURICE MOORE,** | ) |
| Plaintiff, | ) Civil Action No. 7:26cv00127 |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| **U. M. DELP, et al.,** | ) By: Robert S. Ballou |
| Defendants. | ) United States District Judge |

Plaintiff Marvin Maurice Moore, a Virginia inmate proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983 against six defendants, including the Warden and Assistant Warden at River North Correctional Center, where he is currently incarcerated. He complains that he is in the Restorative Housing Unit when he should not be, and that this is revenge on him because he is not at fault. Beyond that, the allegations of his complaint are unclear, though he alleges harassment, not getting his mail, and not getting the correct meals. He also complains about being refused toothpaste, shower shoes, request forms, grievance forms, and writing [undetermined word], both at River North and at Keen Mountain. He claims defendant Carnett sprayed him with OC spray when he asked to speak to a lieutenant or sergeant about his improper meals. He fears that he faces continued imminent danger from being pepper sprayed based on set-up attacks by staff.

Other than Correctional Officer Carnett, Moore has not identified what wrongful acts defendants committed against him, and he has not explained what constitutional rights were violated. More importantly, Moore did not pay the applicable filing fee at commencement of the suit, and court records indicate that he has at least three prior actions dismissed for failure to state

a claim upon which relief may be granted before he filed this suit.[1] Therefore, under the "three strikes" provision of the Prison Litigation Reform Act, Moore may not proceed with this action unless he either prepays the entire filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Moore alleges that he is "at imminent danger of serious physical injury, for being pepper sprayed." Compl. at 8. The facts alleged do not support this conclusory allegation, which is insufficient to invoke the imminent danger exception to the mandatory provisions of § 1915(g). *See Hall v. United States*, 44 F.4th 218, 224 (2022). Rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (unpublished per curiam).[2] Moore's conclusory allegations do not show a likelihood of serious physical injury, much less an imminent likelihood of such injury.

"Imminent means threatening to occur immediately; dangerously impending or about to take place." *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 95 (4th Cir. 2020). The imminent danger exception to the "three strikes" rule "must be construed narrowly and applied only for genuine emergencies, where time is pressing, and a threat is real and proximate to the alleged physical misconduct." *Kinard v. Dulaney*, No. 7:15cv00254, 2015 WL 3752500, at *2 (W.D. Va. June 16, 2015). Moore has alleged that Officer Carnett sprayed him with OC spray in mid-January 2026, approximately one month before he filed this lawsuit. Being pepper sprayed "on one occasion in the past" is not sufficient to show imminent danger. *Merriweather v.*

---

[1] *See, e.g., Moore v. D.O.C.*, No. 7:24cv00541 (W.D. Va. Dec. 23, 2024); *Moore v. River North*, No. 7:24cv00750 (W.D. Va. June 30, 2025); *Moore v. Irving*, No. 1:22cv1379 (E.D. Va. Sept. 17, 2024). He also has at least one prior case dismissed under the "three strikes" rule and for failing to state a claim for which relief may be granted. *Moore v. Mailroom*, No. 7:25cv575 (W.D. Va. Sept. 6, 2025).

[2] I have omitted internal quotation marks, alterations, and citations here and throughout this memorandum opinion, unless otherwise noted.

*Reynolds*, 586 F. Supp. 2d 548, 552 (D.S.C. 2008).  In deciding if there is a risk of imminent danger, the court looks to the risk of future injury, not whether the inmate might deserve a remedy for past misconduct.  *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012) (unpublished per curiam).  Moore would have to allege specific facts showing a pattern of ongoing misconduct likely to produce physical injury to establish imminent danger.  *Id.* at 186–87.  A single incident of OC spray is not a pattern of misconduct.

Nor does Moore allege any facts showing that OC spray is likely to cause him "serious physical injury," even if he were sprayed on multiple occasions in a pattern of ongoing behavior.  Temporary conditions that cause discomfort and pain but are "unlikely to lead to impending death or other severe bodily harms" do not satisfy the imminent danger exception.  *Hall*, 44 F.4th at 226.  Moore has offered no facts to show that he is in any danger of severe bodily harm.

Because Moore has not prepaid the filing fee or demonstrated that he is "under imminent danger of serious physical injury," I will dismiss his complaint without prejudice to his right to refile his suit, if he chooses to do so, as long as his suit is accompanied by the appropriate fees at the time of filing.  An appropriate order will be entered this day.

      Enter:  February 13, 2026

      /s/ Robert S. Ballou

      Robert S. Ballou
      United States District Judge